# Office of the Chapter 13 Standing Trustee

## Andrew B. Finberg, Chapter 13 Standing Trustee

*Joni L. Gray, Counsel*　　　　　　　　　　　　　　　　　　　　　　　　　*Lu'Shell K. Alexander**
*Jennifer R. Gorchow, Staff Attorney*　　　　　　　　　　　　　　　　　　　*Jennie P. Archer**
*William H. Clunn, III, Staff Attorney*　　　　　　　　　　　　　　　　　　*Kelleen E. Stanley**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Kimberly A. Talley**

*\*Certified Bankruptcy Assistant*

July 25, 2024

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

　　　　　RE:　Chapter 13 Bankruptcy
　　　　　　　　Case No. 23-11819 (ABA)
　　　　　　　　Debtor(s) Name: Uzziel Prudencio-Palmero

Dear Judge Altenburg:

　　　　Please accept this letter in lieu of a more formal objection to Debtor's Motion to Vacate Dismissal Order, which is returnable Tuesday, August 6, 2024, at 10:00 a.m.

　　　　Debtor's case was confirmed on July 26, 2023, at $1,200 paid to date, then $498 for 56 months. On June 5, 2024, the Court entered an Order Dismissing Case for failure to submit plan payments. Two (2) days later, Debtor files a Motion to Vacate Dismissal Order stating there was confusion as to the requirement to continue to make Trustee and mortgage payments. Debtor proposes to cure the plan arrears immediately upon reinstatement. (Doc No. 53.)

　　　　The Trustee filed opposition to Debtor's Motion to Vacate Dismissal Order on June 25, 2024 (Doc No. 57.) The Trustee appeared at the hearing scheduled for July 9, 2024; however, there was no appearance made by Debtor's counsel. As a result, Debtor's Motion to Vacate Dismissal Order was denied for lack of prosecution.

　　　　Two (2) weeks after the denial of Debtor's motion, the same identical Motion to Vacate Dismissal Order was filed by Debtor (Doc No. 58.) The Trustee's objection remains the same.

　　　　Debtor has not submitted a plan payment to the Trustee in almost eleven (11) months. The last payment received was on September 6, 2023. By the return date of Debtor's motion, another plan payment will be due, and the arrears will total $4,408. Debtor has not provided any evidence that funds needed to cure the plan arrears are readily available and/or have been delivered to counsel.

Cherry Tree Corporate Center　　　　　　　　　　　　　　　　　　　　　　**Payments Only:**
535 Route 38
Suite 580　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**P.O. Box 1978**
Cherry Hill, NJ 08002　　　　　　　　　　　　　　　　　　　　　　　　　**Memphis, TN 38101-1978**
(856) 663-5002

  Absent proof that Debtor can bring the plan payments current and will agree to submit all future payments via wage order, the Trustee requests that Debtor's motion be denied.

  As always, please feel free to contact this office with any questions or concerns.

                Respectfully submitted,

                *s/ Jennifer R. Gorchow*

                Jennifer R. Gorchow
                Attorney for Andrew B. Finberg,
                Chapter 13 Standing Trustee

JRG/jpa
cc: John D. DiCiurcio (Via email & ECF/CM)
   Uzziel Prudencio-Palmero (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**
**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **2** of **2**